UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20110-MGC

UNITED STATES OF AMERICA

v.

RICARDO CARDENAS ARANGO,

Defendant.

_____/

PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Ricardo Cardenas Arango (hereinafter referred to as the "defendant") enter into the following agreement:

1.  The defendant agrees to plead guilty to Count 1 of the Indictment that charges the defendant with Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of Title 18, United States Code, Section 1349.

2.  The Office agrees to seek dismissal of count 17, of the Indictment, as to this defendant, after sentencing.

3.  The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory



sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that upon a conviction for the charge specified in paragraph 1 the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 or twice the gross gain or gross loss resulting from the offense, restitution and criminal forfeiture.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense(s) committed, whether charged or not, as well as concerning the defendant and the defendant's

2



background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office and the Court of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to or after entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to the guideline calculations:

    a.    <u>Base Offense Level</u>: The parties agree that pursuant to Sentencing Guideline

3



§2B1.1(a)(1), the appropriate base offense level is seven (7).

    b.    <u>Actual/Intended Loss</u>: The parties agree that pursuant to Sentencing Guideline §2B1.1(b)(1)(H), the relevant intended amount of loss resulting from the defendant's participation in the offense is greater than $550,000 and less than or equal to $1,500,000, resulting in a fourteen (14) level enhancement.

    c.    <u>The parties remain free to advocate for or against any other sentencing enhancements or adjustments under the guidelines, and to argue for sentencing variances under 18 U.S.C. § 3553(a).</u>

9.    The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

10.    The defendant agrees that she shall cooperate fully with the Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the Office; and (c) if requested by the Office, working in an undercover role under the supervision of, and in compliance with the

4



instructions of, law enforcement officers and agents. In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that the defendant will not commit any further crimes. The Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If, in the sole and unreviewable judgment of the Office, the defendant's cooperation is of such quality and significance to the investigation or prosecution of any criminal matter as to warrant the Court's downward departure from the advisory range calculated under the Sentencing Guidelines, the Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance, and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this Agreement requires the Office to file any such motion, and that the Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the Office's filing or not filing a motion to reduce the defendant's sentence. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the Office, or to otherwise reduce the defendant's sentence on account of any cooperation by the defendant.

11. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the conviction and sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by this Office in this plea agreement, the defendant thereby waives all rights conferred by Section 3742 to appeal the conviction and any sentence imposed, including any restitution or forfeiture order, or to appeal the manner in which the sentence was

*R.C*

imposed, unless the sentence exceeds the maximum permitted by statute. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the government appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

12. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any gross proceeds traceable to the commission of the offense and is therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to: a) a forfeiture money judgment in an amount to be determined, which sum represents the value of the property subject to forfeiture; b) directly forfeitable property; and c) substitute property.

13. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

14. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or



control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

15. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

    a. submit a financial statement to this Office upon request, within 14 calendar days from the request;

    b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

    c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

16. The defendant understands and acknowledges that the Court must order restitution for the full amount of the victims' losses pursuant to 18 U.S.C. § 3663A. Defendant understands and agrees that the amount of restitution is $62,856.59 jointly and severally with any other co-defendants owed to the victims will be determined at or before sentencing unless the Court orders otherwise. The property subject to forfeiture includes a forfeiture money judgment in the amount of $62,856.59.



17. The defendant confirms that the defendant is guilty of the offenses to which the defendant is pleading guilty; that the defendant's decision to plead guilty is the decision that the defendant has made; and that nobody has forced, threatened, or coerced the defendant into pleading guilty. The defendant affirms that the defendant has reviewed this agreement and enters into it knowingly, voluntarily, and intelligently, and with the benefit of assistance by the defendant's attorney.

18. In the event the defendant withdraws, or attempts to withdraw, from this agreement prior to or after pleading guilty to the charge identified in paragraph 1 above, or should the Government, in its sole discretion, determine that the defendant has failed to fully comply with any of the terms of this plea agreement, the Government will be released from its obligations under this agreement, and the defendant agrees and understands that: (a) the defendant thereby waives any protection afforded by any proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence; (b) that any statements made by the defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the Government; (c) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or the defendant's representatives to any state of federal agency and/or the Government; and (d) the defendant has adopted the entire factual basis as the defendant's statements, and the defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States.

19. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

DATE: 4/27/2021  BY: _____
LINDSEY LAZOPOULOS FRIEDMAN
ASSISTANT U.S. ATTORNEY

DATE: 4/27/21  BY: _____
DAVID S. MARKUS
ATTORNEY FOR DEFENDANT

DATE: 4/27/21  BY: _____
RICARDO CARDENAS ARANGO
DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20110-CR-MGC

UNITED STATES OF AMERICA

v.

RICARDO CARDENAS ARANGO,

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America and Ricardo Cardenas Arango ("Defendant" or "CARDENAS") agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

Beginning in or around at least December 2015 and continuing through in or around at least January 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, CARDENAS knowingly and willfully combined, conspired, confederated, and agreed with others, to commit health care fraud, in violation of Title 18, United States Code, Section 1347, and wire fraud, in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1349. Specifically, CARDENAS conspired with others, to submit, via interstate wire, false and fraudulent claims to a health care benefit program.

American Airlines, A&T, Coca Cola, Archer Western Construction, Lewis Tree Service, and Comcast, among others ("the Companies"), offered Administrative Services Only ("ASO") insurance plans to their employees. These employers contracted with the insurance companies Blue Cross Blue Shield ("BCBS"), United Healthcare ("United"), Aetna ("Aetna"), and Cigna ("Cigna") to handle the administrative tasks such as billing, claims handling, and claims payment

*R.C*

with respect to claims submitted on behalf of their employees. These ASO insurance plans reimbursed BCBS, United, Aetna, and Cigna for the money the insurance companies paid out for health benefits for their respective employees. As such, the employers acted in a self-insured role, which means that they were financially responsible for any claim payments to their employees. The ASO insurance plans offered by the Companies and managed by BCBS, United, Aetna, and Cigna were health care benefit programs, as defined in Title 18, United States Code, Section 24(b).

United Medical of South Florida, d/b/a Sleep Study of South Florida, Inc. ("Sleep Study"), was a Florida corporation, located at 14750 SW 26th Street, Suite 213, Miami, Florida 33185. Sleep Study was a medical clinic that purportedly provided commercial private insurance beneficiaries with various medical treatments and services, including sleep studies, durable medical equipment, and physical therapy, among others. CARDENAS and his co-conspirators paid kickbacks to beneficiaries with insurance plans managed by BCBS in exchange for allowing Sleep Study to bill for medical benefits, items, and services that were not medically necessary, not eligible for reimbursement, and not received by the beneficiaries. In furtherance of the fraud scheme, Sleep Study submitted the fraudulent claims via interstate wire communications.

At all relevant times, CARDENAS worked for Lewis Tree Service. BCBS insured CARDENAS through an ASO insurance plan offered by Lewis Tree Service. CARDENAS recruited patients to go to Sleep Study in exchange for money.

During the relevant period, CARDENAS, through Sleep Study, knowingly and willfully submitted and caused the submission of at least $781,780.00 in false and fraudulent in claims for reimbursement. These claims falsely and fraudulently represented that various health care benefits, items, and services were medically necessary, prescribed by a doctor, and had been

*R.C* 2

provided by Sleep Study to insurance beneficiaries. As a result of such false and fraudulent claims, BCBS made payments to the corporate bank accounts of Sleep Study in the amount of at least $62,856.59.

The above-detailed facts are corroborated by, among other things, insurance claims and billing data, bank records, and business records, as well as information obtained through cooperating co-conspirators and other witnesses.

The information contained in this proffer is not a complete recitation of all the facts and circumstances of this case, but the parties admit it is sufficient to prove beyond a reasonable doubt a violation of Title 18, United States Code, Section 1349, that, is, Conspiracy to Commit Health Care Fraud and Wire Fraud, as charged in the Indictment.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 4/27/21        By: _____
                          LINDSEY LAZOPOULOS FRIEDMAN
                          ASSISTANT UNITED STATES ATTORNEY

Date: 4/27/21        By: _____
                          DAVID MARKUS
                          ATTORNEY FOR DEFENDANT

Date: 4-27-21        By: _____
                          RICARDO CARDENAS
                          DEFENDANT

R.C

3